IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BILLY W. CRAIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-4044-SSA-CV-C-MJW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Billy W. Craig seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on August 19, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

> Commissioner's decision as well as evidence that supports it. As long as
> substantial evidence in the record supports the Commissioner's decision, we may
> not reverse it because substantial evidence exists in the record that would have
> supported a contrary outcome or because we would have decided the case
> differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff Billy W. Craig was born in November 1963. He alleges disability onset of April 15, 2008. Plaintiff alleges disability due to back pain, knee pain, bone spurs, a spinal condition and insomnia.

The Administrative Law Judge (ALJ) determined that plaintiff suffered from the following severe impairments: degenerative disc disease, status post cervical laminectomy and fusion, and degenerative joint disease, status post knee surgery. Despite these impairments, the ALJ determined plaintiff did not meet a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, and retained the residual functional capacity (RFC) to do light work except that it would be limited to only occasional stooping, kneeling, crouching, crawling, balancing and climbing, as well as only occasional reaching overhead. Based on the RFC, the ALJ determined there are jobs that exist in

2

significant numbers in the national economy that plaintiff could perform, and therefore, plaintiff was not disabled as defined by the Social Security Act.

Plaintiff alleges the ALJ erred in weighing the medical evidence. Specifically, plaintiff alleges the ALJ erred in discounting the limitations set forth in the opinion of Dr. Martinson, whose opinion the ALJ gave significant weight. Plaintiff alleges the limitations opined by Dr. Martinson would preclude plaintiff from working. Plaintiff alleges this is supported by the testimony of the vocational expert (VE), who testified at the hearing that plaintiff would be precluded from working if Dr. Martinson's limitation of repetitive neck movements, especially extension, prolonged neck positions, repetitive trunk movements, and prolonged trunk positions were adopted. The Commissioner argues the ALJ is not limited to the opinion of one particular doctor, but rather is tasked with determining whether the record as a whole supports a finding that plaintiff is disabled within the meaning of the Social Security Act. The Commissioner argues there is substantial evidence in the record as a whole to support the decision of the ALJ.

Upon review, there is not substantial evidence in the record as a whole to support the ALJ's decision. The ALJ failed to adequately develop the record as to the critical question of the validity of Dr. Martinson's opinion that plaintiff's physical conditions would likely limit him with regard to work activities that would entail repetitive neck movements, especially extension; prolonged neck positions, especially including extension; and repetitive trunk movements, or prolonged trunk positions. The Court believes this is a critical question in determining plaintiff's disability because these limitations according to the VE would preclude plaintiff's ability to work, and Dr. Martinson's opinion is the only medical opinion relied upon by the ALJ and is an opinion to which the ALJ gave significant weight.

In order to determine whether the limitations of Dr. Martinson should be included in the RFC, further development of the record is required. Eichelberger v. Barnhart, 390 F.3d 584, 592 (8th Cir. 2004) ("An ALJ has the duty to develop the record independent of claimant's burden in the case."). See also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986) (ALJ has duty to fully develop the record when claimant's medical sources did not give sufficient medical evidence about an impairment to determine whether the claimant is disabled). A consultative examination should be ordered by the ALJ to be conducted by a proper medical expert to opine as to plaintiff's physical impairments in the form of Medical Source Statement (MSS). See Lauer v.

3

<u>Apfel</u>, 245 F.3d 700, 704 (8th Cir. 2001) (when determining a claimant's RFC, all relevant evidence must be considered but ultimately the determination of the claimant's RFC is a medical question).  See also <u>Anderson v. Shalala</u>, 51 F.3d 777, 779 (8th Cir. 1995).  This statement should consider plaintiff's physical impairments and whether he is limited with regard to his neck and trunk movements, as opined by Dr. Martinson.  The MSS should include not only a check list of limitations of plaintiff's ability to work, but also a narrative providing the medical basis and explanation for such limitations.  Thereafter, based on this MSS, the opinion of Dr. Martinson and the record as a whole, the ALJ should determine plaintiff's RFC and whether plaintiff is capable of working.

## Conclusion

Based on the foregoing, this Court finds that this case must be reversed and remanded for further development of the record as set forth herein.  See <u>Battles v. Shalala</u>, 36 F.3d 43, 45 (8th Cir. 1994) ("There is no bright line test for determining when the [Commissioner] has … failed to develop the record.  The determination in each case must be made on a case by case basis.").

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded for further development of the record as set forth herein.

Dated this 23rd day of August, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge